**Sureshbhai Ranchhodji AHIR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–73643.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 15, 2013.*

Filed Oct. 25, 2013.

Garish Sarin, Esquire, Law Offices, Los Angeles, CA, for Petitioner.

Margot Carter, Trial, OIL, DOJ–U.S. Department of Justice, Washington, DC, ICE, Office Of The Chief Counsel Department Of Homeland Security, San Francisco, CA, for Respondent.

Before: FISHER, GOULD, and BYBEE, Circuit Judges.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Sureshbhai Ranchhodji Ahir, a native and citizen of India, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his motion to reopen deportation proceedings conducted in absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen. *Arrieta v. INS*, 117 F.3d 429, 430 (9th Cir.1997) (per curiam). We deny the petition for review.

The agency did not abuse its discretion in denying Ahir's motion to reopen on the ground that Ahir failed to rebut the strong presumption of effective service arising from the service of his hearing notice by certified mail. *See id.* at 431; *Matter of Grijalva*, 21 I. & N. Dec. 27, 37 (BIA 1995).

Ahir's contention that the agency erred by ignoring evidence is not supported by the record. *Lin v. Holder*, 588 F.3d 981, 987–88 (9th Cir.2009) (although the BIA must consider a petitioner's evidence, "it need not expressly refute on the record every single piece of evidence").

It follows that the agency did not violate Ahir's due process rights by denying the motion. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and substantial prejudice to prevail on a due process claim).

Ahir's remaining contentions are unavailing.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.